### HANDY *vs.* WILSON & COMPANY *et al.*

A vendor of land gave a bond for title and took a note for the purchase money. Subsequently she endorsed the note and transferred it to a firm for value. At the same time, she made a deed to the purchaser of the land and placed it with the firm as an escrow to secure the payment of the note, the firm taking such deed without notice of any trouble about the quantity or number of feet of the land. The note not being paid, it was sued to judgment against the maker and endorser, and the execution was levied on the land and other property of the maker. She filed a bill, alleging that the deed in the hands of the holders of the note did not cover all the land described in the bond for title, and that the vendor was insolvent, and praying that the execution be enjoined, and that the vendor and holders of the note and escrow be compelled to specifically perform the contract contained in the bond:

*Held*, that there was no ground for specific performance or injunction against the holders of the note, and a refusal of such injunction was proper.

February 9, 1886.

Specific Performance. Equity. Injunction. Judgments. Promissory Notes. Title. Before Judge HAMMOND. Fulton Superior Court. March Term, 1885

Reported in the decision.

MYNATT & HOWELL, for plaintiff in error.

M. A. BELL; F. A. ARNOLD, for defendants.

JACKSON, Chief Justice.

A bill was brought by Mrs. Handy against Mrs. Ford and J. C Wilson & Co. for a specific performance of a contract on the part of Mrs. Ford to make titles to a cer-. tain lot in Atlanta. The allegation is that the lot described in the contract or bond for titles is not embraced in a deed executed by Mrs. Ford to Mrs. Handy and placed in the hands of Wilson & Co. as security for a debt owed by Mrs. Ford to Wilson & Co., to be delivered to Mrs. Handy when the note given by Mrs. Handy for the land was paid, but that the deed thus in the hands of Wilson & Co. was for less quantity of land than the bond described. The note for the land was traded to Wilson & Co. for lumber, before due, endorsed by Mrs. Ford and sued to judgment by Wilson & Co., and execution issued and levied on this piece of land and other property of Mrs. Handy. The prayer of the bill is that Mrs Ford and Wilson & Co. specifically perform Mrs. Ford's contract, and make the title for the land described in the bond, and that Wilson & Co. and the sheriff be enjoined from selling the property levied on until the further order of the court. This interlocutory grant of the writ of injunction was refused, and this denial of the writ is the error assigned here.

There is no error in the refusal of the injunction. Wilson & Co took the note, which was sued to judgment and levied on this property, as well as other property of Mrs. Handy, before due, and with no notice of any trouble about the quantity or number of feet of the land, the consideration of the note, and were in nowise complicated with that dispute. They could not make such title to the land, for they had none themselves. The only deed they held covered less than Mrs Handy wanted, and was in their hands as an escrow for delivery to Mrs. Handy when she paid the note; she refused to pay it, and Wilson & Co. sued both her and Mrs. Ford, her endorser. By what sort of logic Wilson & Co. became liable to make such a deed to Mrs.

Handy as her version of the contract required, by receiving as an escrow from Mrs. Ford a deed for a less sum to be delivered to Mrs. Handy when she paid the note given by her and endorsed by Mrs. Ford, is not apparent to us. How they thereby became liable specifically to perform the contract of their debtor and endorser on the note to make a different deed from the escrow entrusted to them by her to be delivered, as it was, to the maker of the note when paid, we cannot see. There is no privity between Wilson & Co. and Mrs. Ford leading to such a result at law or in equity. Therefore, there is no reason or equitable ground to stay the judgment of Wilson & Co. and stop the sheriff from making the money on the execution issued upon that judgment. Whether Mrs. Ford be insolvent or not cannot affect Wilson & Co. Whether equity will constrain her on final decree to make Mrs. Handy just the title she prays for in this bill, can affect Wilson & Co. just as little as Mrs. Ford's insolvency. The facts make no case for enjoining Wilson & Co. from collecting their judgment, and the judgment of the chancellor must be affirmed.

Judgment affirmed.